## Commonwealth v. Maggs

344

*William Carlucci, Assistant District Attorney,* for the Commonwealth.
*Fred A. Holland,* for the defendant.

WOLLET, *J.,* July 22, 1983—On April 15, 1983 this court, after a de novo trial, convicted the defendant of two counts of harassment. 18 Pa.C.S.A. §2709(c). Now before the court are defendant's post-verdict motions, in the nature of a motion in arrest of judgment. Defendant alleges three grounds for this motion; first, that his conviction is in violation of his right to freedom of speech guaranteed by the First Amendment of the United States Constitution and Article I, §7 of the Pennsylvania Constitution; second, that the Commonwealth presented insufficient evidence to constitute the offense of harassment; and third, the harassment statute under which the defendant was convicted is unconstitutionally vague and overbroad, as applied to defendant. A review of the facts presented at the trial is in order.

In March of 1982, defendant purchased a used truck from Dincher's Auto Body, which is owned and operated by George and Andrew Dincher. Mr. Maggs experienced difficulty with the truck and returned it to Dincher's Auto Body for repairs. He was

not satisfied with the repairs, and attempted to have more repairs performed. At some point, Dincher's refused to perform further repairs.

Mr. Maggs expressed his dissatisfaction with Dincher's by constructing and erecting a sign on the side of his truck. This sign read:

"Dincher's Auto Body — guaranteed work. Guaranteed!!! Motor to miss and use oil, transmission to slip, transfer case to clang and body panels to crack."

With the sign attached, the defendant drove his truck and parked it in the vicinity of Dincher's Auto Body parking lot. George Dincher removed the sign from the defendant's vehicle.

Mr. Maggs then constructed another sign to attach to his truck. This sign read:

"Motor misses and uses oil, transmission slips, transfer case clangs and bangs, body panels are all cracking. Compliments of Dincher's Auto Body Shop."

Defendant's wife drove the truck with the second sign to work because her car had broken down. While the truck was in the parking lot of Mrs. Maggs' place of employment, George Dincher and others from Dincher's again removed the sign from the side of the truck.

Mr. Dincher filed private criminal complaints for two counts of harassment against the defendant. At the de novo trial of this matter, the defendant testified that he had several purposes in placing the signs on his truck. First, Mr. Maggs wanted Dincher's to know that he intended to pursue his complaint with them until he received satisfactory service, and, second, he wanted to inform the public that he had received unsatisfactory service from Dincher's. This court found the defendant guilty of both harassment counts.

Defendant's first assignment of error is that his harassment conviction is invalid because it infringes upon constitutionally protected activity. In sum, defendant argues that the harassment statute, as applied to him, impermissibly punishes speech other than that which falls within "certain well defined and narrowly limited classes of speech . . . These include the lewd and obscene, the profane, the libelous, and the insulting or "fighting" words — those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." Chaplinsky v. New Hampshire, 315 U.S. 568, 571, 62 S. Ct. 766, 769, 86 L. Ed. 1031, 1034 (1942), quoted in Commonwealth v. Pringle, 304 Pa. Super. 67, 450 A.2d 103 (1982).

Section 2709 (c) of the Crimes Code, which deals with harassment, prohibits conduct, including speech, which is not constitutionally protected, and which is intended to alarm or seriously annoy the average person. Commonwealth v. Duncan, 239 Pa. Super. 539, 363 A.2d 803 (1976). Of particular importance here is that the harassment statute requires that defendant's conduct have no legitimate purpose. Id.

Upon review of the arguments presented, the Court is of the opinion that Mr. Magg's conduct is constitutionally protected. We find the cases of Willing v. Mazzacone, 482 Pa. 377, 393 A.2d 1155 (1978) and Commonwealth v. Weiner 230 Pa. Super. 245, 326 A.2d 896 (1974), to be particularly instructive. Our Supreme Court in Willing held that an injunction issued against a former client to enjoin her from demonstrating by carrying a sandwich board sign denouncing the plaintiff-attorneys was an invalid prior restraint upon speech. The procedural differences aside, we find it difficult to distin-

guish between the speech (or conduct) used in Willing with that of Mr. Maggs.

Furthermore, the court is persuaded by defendant's argument that dicta in Weiner, supra, illustrates the protected nature of Mr. Maggs' action. In Weiner, a group of people protested a home improvement contractor's alleged failure to complete a job he had been paid to perform by one of the group's members. The demonstration consisted of carrying signs and picketing near the contractor's place of business. Defendant, however, persistently spoke over a loud speaker, after police gave notice that residents had been disturbed by such noise. The Superior Court upheld defendant's conviction for disorderly conduct, on the basis that the disorderly conduct statute was only a regulation of the time, place, or manner of the defendant's speech. The court noted, however, that "appellant was free to convey his message in a manner not calculated to disrupt the surrounding area". Id, at 248-249, 326 A.2d at 897. We are constrained to agree that Mr. Maggs' form of protest, like the conduct of the other, peaceful demonstrators in Weiner, must be protected since it does not fall into any of the exceptions listed in Chaplinsky. Mr. Maggs' signs cannot be construed as "fighting words," even though it is regrettable that he did not seek other avenues of redress.

Because the court concludes that defendant's conviction was an abridgement of his right to freedom of expression, we need not decide whether his conduct was insufficient to constitute the offense of harassment. Additionally, the court does not reach the third basis for defendant's motion, although we note that the Superior Court has previously held that the harassment statute is not unconstitutionally vague or overbroad. Duncan, supra.

## ORDER

And now, July 22, 1983, defendant's post-verdict motions are hereby granted. It is hereby ordered and directed that judgment be arrested and that a verdict of not guilty be entered as to both counts in the above-captioned action.